# John Gailey plaintiff in error *against* Thomas Beard.

A writ of error not returned to the term to which the same was returnable, the suit will not be dismissed on that account. Where such writ has issued shortly before its return, and the record has been removed, the court will presume that it was presented during the sitting of the court to which it was directed.

WRIT of error to the Common Pleas of Crawford county. The writ was tested on the 28th August 1806, returnable on the first Monday in September following, which happened on the first day of the month, and the record was filed in the prothonotary's office on the 25th August 1807.

Mr. Baldwin for the defendant in error, moved to dismiss the *suit. The writ is a mere nullity, not being returned to the last September term. Besides only four days intervened between its being taken out and September term 1806, so that if it was not actually impossible, it was most highly improbable, that the writ could have been read in the Court of Common Pleas at Meadville, at the distance of one hundred miles from Pittsburgh. It will not be pretended, that any adjourned Court of Common Pleas for Crawford county was held in the last week in August 1806. The case of Blair *et al. v.* Miller *et al.* in the Supreme Court of the United States, 4 Dall. 21, is expressly in point on the first objection.

Mr. T. Foster for the plaintiff in error resisted the motion. The first ground is well known to be unwarranted by the practice of this court. Nothing is more common than to take rules to return the record on writs of error, after the term to which such writs are returnable. As to the second ground, the court will form no presumption, that the justices below had acted irregularly. The record is properly returned and spread before the court, who will not go out of it to search for errors, but will confine themselves to what is apparent on the face of it.

TILGHMAN, C. J. This is a motion by the defendant in error to dismiss this cause, because the record has not been regularly returned. He assigns two reasons : 1st. That the record was not returned to last September term, to which it was returnable. 2d. That the Court of Common Pleas of Crawford county, to whom it was directed, did not sit at any time between the time of issuing the writ of error on the 28th August 1806, and the day on which it was returnable, the first Monday in September 1806.

The first objection the court think is of no weight; because,

by long established practice, returns to writs of error have been received after the time to which they were returnable.

As to the second objection, it does not appear to this court, that the court of Crawford county were not sitting between the time of issuing the writ of error, and the day on which it was returnable; nor ought they to presume it. It is always to be presumed that every court acts with propriety, unless the contrary appears. We must therefore suppose, it having been returned in the usual form by the justices of the court, that the writ of error was presented to the court of Crawford county when sitting, and by them properly returned.

It is the opinion of the court therefore, that the defendant in error take nothing by his motion.